A91A1363. SHEPHERD CONSTRUCTION COMPANY, INC. et al. v. JARRETT.
(413 SE2d 742)

Judge Arnold Shulman.

The appellee was severely injured when an automobile which she was occupying as a guest passenger collided with a construction vehicle which was parked on Interstate Highway 75, south of Atlanta. The driver of the automobile, Michael David Roberts, was killed in the collision. The construction vehicle belonged to appellant Shepherd

Construction Company, Inc., which, in conjunction with appellant Plant Improvement Company, Inc., was performing repaving work at the location in question pursuant to a contract with the Georgia Department of Transportation (DOT). The appellee filed the present action against the administrator of Roberts' estate, the DOT, several DOT employees, and the appellant contractors, alleging that the collision had resulted from a combination of negligence on the part of Roberts in failing to avoid the construction vehicle and negligence on the part of the DOT and the appellant contractors in failing to take adequate steps to divert traffic from the location where the accident occurred.

The claim against Roberts' estate was settled prior to trial. The remaining claims were tried before a jury, which found in favor of the DOT and its employees but against the appellant contractors, assessing compensatory damages against them in the amount of $100,000, plus punitive damages in the amount of $100,000. The appellants thereafter entered into an agreement with the appellee whereby they paid the compensatory damage award and waived the right to challenge that portion of the jury's verdict on appeal. They then filed the present appeal seeking to overturn the award of punitive damages.

The collision occurred at night, at the junction of the highway and a southbound entrance ramp. A crew of men employed by the appellant contractors was at work resurfacing the right southbound lane of the highway at the time, through the operation of a series of vehicles and machines referred to as a "paving train." The paving train was approximately a half mile to a mile south of the entrance ramp when the accident occurred, moving in a southerly direction. At some point north of the ramp, all southbound traffic on the highway had been diverted into the left southbound lane; and to keep traffic confined to that lane, orange traffic cones had thereafter been placed at regular intervals between the two southbound lanes. A series of such cones had also been placed at the base of the entrance ramp in question, in order to channel traffic entering the highway at that location across the closed right lane into the left lane. At the end of the entrance ramp, approximately 300 feet south of these channelization cones, a water truck involved in the repaving process had been parked in the right lane with its taillights on.

Construing the evidence in support of the jury's verdict, it appears that the automobile being driven by Roberts came down the ramp, hit one of the channelization cones (which was still lodged underneath it after the collision) and continued straight ahead into the water truck. The automobile was traveling in excess of 80 miles per hour at the time of the collision, and chemical analysis of a blood sample drawn from Roberts' body revealed that his blood alcohol level was .24 grams. There were no skid marks indicating that he had

applied his brakes before hitting the truck.

The contract under which the appellants were working called for lane channelization to be accomplished through the use of lighted barricades or barrels, whereas the traffic cones being used by them for this purpose were not even reflectorized. The appellee contends that this contract violation, combined with other factors such as the absence of a warning sign on the ramp advising of the lane closure, the absence of flashing lights on the back of the water truck, and the fact that the truck had been left parked in a traffic lane rather than on the shoulder or emergency lane of the highway, combined to create such a dangerous situation as to justify the imposition of punitive as well as compensatory damages.

1. "Punitive damages 'are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.' [Cit.] In Georgia, when the tortious conduct amounts to 'wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences(,)' punitive damages are allowed pursuant to OCGA § 51-12-5 to deter the wrongdoer from repeating his wrongful acts. [Cits.] Punitive damages cannot be imposed without a finding of some form of culpable conduct. *Negligence, even gross negligence, is inadequate to support a punitive damage award.* [Cit.]" (Emphasis supplied.) *Colonial Pipeline Co. v. Brown,* 258 Ga. 115, 118 (365 SE2d 827) (1988).

The evidence in this case established without dispute that prior to Roberts' arrival on the scene, traffic utilizing the entrance ramp in question had managed to negotiate the channelization area without incident, notwithstanding the appellants' use of unlighted, unreflectorized traffic cones as channelization devices and notwithstanding their other alleged acts of negligence. Even construing the evidence in favor of the appellee, we find no reasonable basis under the circumstances for a conclusion that the appellants acted with malicious intent or with "conscious indifference to consequences" in failing to anticipate that a driver might come down the ramp at 80 mph, hit one of the traffic cones, and continue straight ahead for 300 feet, dragging the cone but not applying his brakes. We consequently hold that the trial court erred in denying the apellants' motions for directed verdict and judgment notwithstanding the verdict with respect to the punitive damage claim.

2. The appellants' remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — 

Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, for appellants.

Nickerson & Tuszynski, David E. Tuszynski, for appellee.