A92A0923. WOOD et al. v. SHEPHERD CONSTRUCTION
COMPANY, INC.
(422 SE2d 59)

SOGNIER, Chief Judge.

Sherri Lynn Wood (hereinafter "Wood") and her parents brought suit against Shepherd Construction Company, Inc. and Gwinnett County to recover damages for injuries incurred by Wood when her car was forced off a Gwinnett County road recently repaved by Shepherd. Gwinnett County was subsequently dismissed from the action. The trial court granted Shepherd's motion for partial summary judgment on the issue of liability for punitive damages, and the Woods brought this appeal.

Appellants' claims against appellee, as established in their complaint, sound in negligence and are based upon allegations that during its repaving work, appellee negligently piled debris on the shoulder and failed to erect signs warning motorists of the drop-off. This case is controlled by *Shepherd Constr. Co. v. Jarrett*, 202 Ga. App. 152 (413 SE2d 742) (1991). In *Jarrett*, a passenger in an automobile was severely injured when the car in which she was riding collided with a construction vehicle parked on Interstate 75 during ongoing repaving work. Despite uncontroverted evidence of the paving contractor's failure to comply with contract provisions regarding warning signs and the use of lighted barricades to reroute traffic around the hazard, this court found no reasonable basis for a conclusion that the construction company "acted with malicious intent or with 'conscious indifference to consequences,'" id. at 154 (1), in failing to anticipate the driver's actions that led to the collision, and consequently reversed the trial court's denial of the contractor's motions for directed verdict and judgment notwithstanding the verdict on the issue of punitive damages. Id.

In the case at bar, the evidence showed that on the morning of October 12, 1987, Wood, then 16 years old, drove her car to school with two friends on a two-lane road that had recently been repaved by Shepherd in accordance with its contractual obligations. All three occupants of the car testified at deposition that it was still dark as they drove east. Approaching a curve, they suddenly observed a light-colored car coming toward them, heading west in their lane. In order

to avoid a head-on collision with the other car, Wood swerved the car off the road to her right and, in attempting to return to the road after the approaching car had passed, apparently lost control. Her car crossed the road, hit an embankment on the opposite side, and turned over, throwing clear its occupants.

Even construing the evidence in favor of appellants and assuming, without deciding, that appellee acted negligently in some regard, we see no reasonable basis for concluding that appellee acted with any malicious intent or conscious indifference to consequences in failing to anticipate that Wood's car would be forced off the road by a car traveling directly toward her in the wrong lane. Consequently, we affirm the trial court's grant of partial summary judgment to appellee on the issue of punitive damages. *Jarrett*, supra.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Murray & Nabors, Jeffrey R. Nabors*, for appellants.
*Tittsworth & Grabbe, John C. Grabbe IV*, for appellee.